```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
WINTON EMERY BROWN,

                          Plaintiff,            09-CV-6408

            v.                                  **DECISION**
                                                **and ORDER**
MICHAEL J. ASTRUE,
SECRETARY OF THE UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

                          Defendant.
_____
```

## **INTRODUCTION**

Plaintiff Winton Emery Brown("Plaintiff")brings this action pursuant to § 1852(g)(5) of the Social Security Act, 42 U.S.C. § 1395w-22(g)(5), and 42 U.S.C. 405(g), seeking a review of a final decision of the Secretary of Health and Human Services, denying payment of the costs of Plaintiff's medical treatment. Specifically, Plaintiff seeks an order that Preferred Care Gold and Medicare reimburse him for his Prolotherapy treatments at a cost of $420.00, that the Court set aside the "scientifically controlled studies" provision in the National Coverage Determination Manual.

The Secretary moves for dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") on the grounds that Plaintiff has failed to allege his claim meets the statutory amount in controversy and that the Court is not empowered to grant the relief Plaintiff seeks. The Court finds for reasons set forth below, that while Plaintiff has

exhausted his administrative remedies, Plaintiff does not meet the statutory amount in controversy threshold of $1,200 to meet the requirements of Rule 12(b)(1), nor does the Plaintiff state a claim upon which relief can be granted under Rule 12(b)(6).

## BACKGROUND

Plaintiff is an enrollee of the Medicare Advantage program through Preferred Care Gold, a Health Maintenance Organization. On July 22, 2008, Plaintiff underwent a consultation and had his first Prolotherapy treatment for his sciatic pain problem. Plaintiff then submitted a claim to Preferred Care Gold for $70.00, the cost for the Prolotherapy session. On October 3, 2008, Preferred Care Gold denied Plaintiff's claim because Prolotherapy did not meet the medical policy criteria because Prolotherapy is considered investigational. (Id.).

Plaintiff subsequently requested reconsideration and on November 21, 2008, Preferred Care Gold upheld its denial. (Plaintiff's Addendum to Civil Complaint, Letter to Court Clerk, at pg 2). On December 15, 2008, Maximus Federal Services, the independent review entity of Medicare, determined Preferred Care Gold was not required to authorize Medicare payment for Plaintiff's prolotherapy services. (Id.). Plaintiff then filed a timely request for a hearing. On February 13, 2009, the ALJ LeAnn Canter upheld Preferred Care's determination because Prolotherapy treatments are not covered by Medicare pursuant to a National Coverage

Determination. (Plaintiff's Addendum to Civil Complaint, Letter to Court Clerk at pg 3).

The Medicare Appeals Council ("MAC") then reviewed and affirmed the ALJ's decision because the applicable National Coverage Determination is binding and the medical effectiveness of Prolotherapy treatments has not been verified by scientifically controlled studies. Following the denial of review by the MAC, plaintiff timely filed the instant action.

## **DISCUSSION**

### **I. Plaintiff May Not Proceed with Judicial Review Pursuant to Fed. Civ. Pro. 12(b)(1).**

Rule 12(b)(1) allows the Defendant party to motion that the court lacks jurisdiction over the subject matter of a claim. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Close v. New York, 125 F.3d 31,35 (2d Cir. 1997) (citing Fed. R. Civ. P. 12(b)(1)). It is the plaintiff's responsibility to establish subject matter jurisdiction for his claims. Makarvoa v. U.S. 201 F.3d 110, 113 (2d Cir. 2000).

In order to establish subject matter jurisdiction for his claims, the plaintiff must bring suit that is within a federal statute which waives the United States sovereign immunity against lawsuits. United States v. Shaw, 309 U.S. 495 (1940). 42 U.S.C. § 1395w-22 grants jurisdiction to Federal District Court in cases

where judicial review of a MAC's decision regarding a Medicare Advantage plan's benefits is requested. 42 U.S.C. § 1395w-22(g)(5)requires that Plaintiff meet an amount in controversy. (See also 42 C.F.R. § 422.60)Each year, the amount in controversy requirement is adjusted. 42 U.S.C. § 1395ff(1)(E)(I). For 2009, the amount in controversy requirement is $1,220. See 73 Fed. Reg. 55848. If the amount in controversy is not at least $1,200, then there can be no judicial review of the Secretary's final decision as provided in 42 U.S.C. § 1395w-22 and 42 U.S.C. § 405(g).

Plaintiff's claim is for approximately $420.00 and, therefore, does not meet the statutory threshold amount in controversy of at least $1,200 to confer jurisdiction upon this Court. See Plaintiff's Addendum Letter to Complaint, Letter to Court Clerk at 4. As such, Plaintiff's complaint lacks subject matter jurisdiction and is dismissed under Rule 12(b)(1).

## II. Judicial Review of Plaintiffs Claim is not Available Pursuant to Fed. Civ. Pro 12(b)(6).

Defendant Secretary also moves to dismiss Plaintiff's complaint under Rule 12(b)(6). In considering a motion to dismiss for failure to state a claim, "district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits." Kramer v. Time Warner, 937 F.2d 767 (2d Cir. 1991). Judicial review of the Secretary's decision pursuant to 42 U.S.C. § 405(g), limits the Court's authority to

either affirm, modify, or reverse the final decision of the Secretary.

Plaintiff specifically requests the following relief in his complaint:

> (1) he be "reimburse[d] for [his] Prolotherapy sessions (six at an estimated cost of $420.00);" (2) that the Court "<u>set aside the "scientifically controlled studies" provision in this case and consider its removal from the law</u> so that greater progress can be made in medicine based on actual medical efficacy and significantly improved economics of optimal treatments;" and (3) that the Court "approve the economic benefit of Prolotherapy treatment" in his case. (emphasis added)

(Plaintiff's Addendum to Civil Complaint, Letter to Clerk at pg 4). Plaintiff's complaint does not assert relief that can be granted under 42 U.S.C. § 405(g); as such this Court is not empowered to ordered the requested relief.

While in his brief, Plaintiff raises some points as to whether Prolotherapy should be covered by Medicare pursuant to the National Coverage Determination, as Prolotherapy may have scientific credibility, Plaintiff does not state a claim under 42 U.S.C. §405(g) because Plaintiff essentially requests the Court to legislate a solution. This Court is bound by the United States Constitution to interpret the law, not legislate a change in the law. The Constitution specifically provides in Article I, section 1, "all legislative powers herein granted shall be vested in a Congress of the United states... [consisting] of a Senate and House

of Representation." Accordingly, Plaintiff fails to state a claim for relief in accordance with Rule 12(b)(6).

## **CONCLUSION**

For the reasons set forth above, I grant the Secretary's motion to dismiss for lack of subject matter jurisdiction. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

    S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
            January 11, 2010